RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 12-1-05
BY JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DAN MITCHELL | DOCKET NO. 1:05 CV 1432 |
| | SECTION P |
| VS. | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

### Report and Recommendation

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **DAN MITCHELL** ("Plaintiff"). Plaintiff is incarcerated at the Winn Correctional Center ("WNC") in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* in this action on August 23, 2005. [Rec. Doc. 5]. Plaintiff names Tim Wilkinson (WNC Warden), Christopher Miles (Supervisor), Curtis Woodard (Lieutenant) and Eddie Duckworth (inmate), as defendants in the instant action.

The Court construes Plaintiff's complaint as alleging an offense of his civil rights by correctional officials in failing to protect him from another inmate and thereby, violating his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution. Plaintiff seeks monetary damages as relief.

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions

mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

### FAILURE TO PROTECT

It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment affords inmates a measure of protection from violent attacks by other inmates. Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1983). However, to establish a failure to protect claim under § 1983, Plaintiff must show that he was incarcerated under conditions that posed a substantial

risk of serious harm to his safety and that the Defendant was deliberately indifferent to his need for protection. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977 (1994). To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., 114 S.Ct. at 1979. Prison officials are not liable for failure to protect if (1)"they were unaware of even an obvious risk to inmate health or safety," (2)"they did not know of the underlying facts indicating a sufficiently substantial danger," (3)"they knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent," or (4) "they knew of a substantial risk to inmate health or safety ... [and] responded reasonably to the danger, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

Plaintiff claims Officer Woodward improperly handcuffed inmate "Duckworth" which allowed him to slip out of the restraints and cut the plaintiff over the right eye. Officers responded to the incident promptly. Plaintiff makes only conclusory allegations unsubstantiated in fact. Additionally, despite Plaintiff's opportunity to amend, he failed to show deliberate indifference on behalf of any of the defendants.

Thus, Plaintiff's assertions do not support a claim of deliberate indifference.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that Plaintiff's failure to protect claim be **dismissed with prejudice** as frivolous pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except**

upon grounds of plain error.[1]

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _3rd_ day of _December_, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).